IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAIANA LYNN MURPHY, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| | Civil Action |
| v. | No. 16- 7995 (JBS-AMD) |
| CAMDEN COUNTY JAIL, | |
| | **OPINION** |
| Defendant. | |

APPEARANCES:

Daiana Lynn Murphy, Plaintiff Pro Se
4 Wonslow Drive
Hammonton, New Jersey 08037

**SIMANDLE, Chief District Judge:**

I.    **INTRODUCTION**

Plaintiff Daiana Lynn Murphy seeks to bring a civil rights complaint pursuant to the 42 U.S.C. § 1983 against the Camden County Jail ("CCJ"). Complaint, Docket Entry 1. Based on Plaintiff's affidavit of indigency, the Court will grant her application to proceed *in forma pauperis*.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will dismiss the

complaint with prejudice for failure to state a claim. 28 U.S.C.
§ 1915(e)(2)(b)(ii).

## II.   BACKGROUND

Plaintiff alleges that starting on April 1, 2014, she was
detained in the CCJ for one week. Complaint § III. She further
alleges that during that week she slept on the floor, without a
cushion or mat. *Id.*

## III. STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints
prior to service in cases in which a plaintiff is proceeding *in
forma pauperis*. The Court must *sua sponte* dismiss any claim that
is frivolous, is malicious, fails to state a claim upon which
relief may be granted, or seeks monetary relief from a defendant
who is immune from such relief. This action is subject to *sua
sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B)
because Plaintiff is proceeding *in forma pauperis*.

To survive sua sponte screening for failure to state a
claim, the complaint must allege "sufficient factual matter" to
show that the claim is facially plausible. *Fowler v. UPMS
Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).
"A claim has facial plausibility when the plaintiff pleads
factual content that allows the court to draw the reasonable
inference that the defendant is liable for the misconduct
alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308

2

n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A]
pleading that offers 'labels or conclusions' or 'a formulaic
recitation of the elements of a cause of action will not do.'"
*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell
Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**IV. DISCUSSION**

Plaintiff seeks monetary damages from CCJ for allegedly
unconstitutional conditions of confinement. Primarily, the
complaint must be dismissed as the CCJ is not a "state actor"
within the meaning of § 1983. *See, e.g., Grabow v. Southern
State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989)
(correctional facility is not a "person" under § 1983).
Accordingly, the claims against CCJ must be dismissed with
prejudice.

Generally, "plaintiffs who file complaints subject to
dismissal under [§ 1915] should receive leave to amend unless
amendment would be inequitable or futile." *Grayson v. Mayview
State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). This Court denies
leave to amend at this time as Plaintiff's complaint is barred
by the statute of limitations, which is governed by New Jersey's
two-year limitations period for personal injury.[1] *See Wilson v.*

---

[1] "Although the running of the statute of limitations is
ordinarily an affirmative defense, where that defense is obvious
from the face of the complaint and no development of the record
is necessary, a court may dismiss a time-barred complaint sua

*Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). The accrual date of a § 1983 action is determined by federal law, however. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014).

"Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez*, 773 F.3d at 480 (internal quotation marks omitted). Plaintiff states she was detained at CCJ for one week starting April 1, 2014. The allegedly unconstitutional conditions of confinement at CCJ would have been immediately apparent to Plaintiff at the time of her detention; therefore, the statute of limitations for Plaintiff's claims expired April 7, 2016 at the latest. Plaintiff filed this complaint too late as plaintiff filed her complaint on October 28, 2016. As there are no grounds for equitable tolling of the statute of limitations,[2] the complaint will be dismissed with prejudice.

---

sponte under § 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111–12 (3d Cir. 2013) (per curiam).

[2] Equitable tolling "is only appropriate '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'" *Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014) (quoting *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009)).

*Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013)
(per curiam) (affirming dismissal with prejudice due to
expiration of statute of limitations).

**V.  CONCLUSION**

    For the reasons stated above, the complaint is dismissed with
prejudice for failure to state a claim. An appropriate order
follows.

**February 16, 2017**
Date

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
Chief U.S. District Judge